UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SARAH HERNANDEZ** | : | **CIVIL ACTION NO.** |
| | : | **3:19-cv-01907-MPS** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **ENFIELD BOARD OF EDUCATION,** | : | |
| **THE TOWN OF ENFIELD, AND WALTER** | : | |
| **KRUZEL, CHAIRMAN OF THE ENFIELD** | : | |
| **BOARD OF EDUCATION (in his official** | : | |
| **Capacity)** | : | |
| **Defendant** | : | **January 15, 2020** |

**ANSWER TO COMPLAINT BY DEFENDANTS ENFIELD BOARD OF EDUCATION AND WALTER KRUZEL**

1. Defendants Enfield Board of Education ("Board") and Walter Kruzel ("Mr. Kruzel") admit the allegations of sentences 1 and 2 of Paragraph 1 of the Complaint. The Board and Mr. Kruzel have no basis to admit or deny the allegations of sentence 3 of Paragraph 1 of the Complaint, and leave the Plaintiff to her proof. The Board and Mr. Kruzel have no basis to admit or deny the allegations of sentence 4 of Paragraph 1 of the Complaint as to her reason(s) for running for a position on the Board or her understanding of what steps the Board would take regarding her alleged impairments should she win election to the Board.

2. The Board and Mr. Kruzel deny the allegations of Paragraph 2 of the Complaint.

3. The Board and Mr. Kruzel deny the allegations of Paragraph 3 of the Complaint.

4. The Board and Mr. Kruzel deny that the Plaintiff has any legitimate claims under the Americans with Disabilities Act, 42 U.S.C. Sec. 12131 ("ADA"), and/or Section 504 of the Rehabilitation Act of 1973, ("Section 504") 29 U.S.C. Sec. 794. The Board and Mr.

Kruzel admit that, should the Plaintiff have any legitimate claims under the Americans with Disabilities Act ("ADA"), and/or Section 504 of the Rehabilitation Act of 1973, this Court would have subject jurisdiction over those claims.

5. The Board and Mr. Kruzel admit that the Plaintiff is a resident of Enfield, and that the acts and injuries alleged in the complaint are alleged to have occurred in Enfield, Connecticut.  The Board and Mr. Kruzel deny that any of the acts and injuries alleged in the Complaint actually occurred.

6. The Board and Mr. Kruzel deny that the Plaintiff has any legitimate claims under the Americans with Disabilities Act ("ADA"), and/or Section 504 of the Rehabilitation Act of 1973.  The Board and Mr. Kruzel admit that, should the Plaintiff have any legitimate claims under the Americans with Disabilities Act ("ADA"), and/or Section 504 of the Rehabilitation Act of 1973, venue in this Court would be proper.  The Board and Mr. Kruzel admit that the Plaintiff resides in the District of Connecticut.

7. The Board and Mr. Kruzel have no basis to admit or deny the allegations of Paragraph 7 of the Complaint, and leave the Plaintiff to her proof.

8. The Board and Mr. Kruzel deny that the Board is "a part of the Town of Enfield." Pursuant to the provisions of Conn. Gen. Stat. Sec. 10-241, the Board is "a body corporate" separate and apart from the Town of Enfield.  The Board and Mr. Kruzel admit the balance of the allegations in Paragraph 8.

9. The Board and Mr. Kruzel admit the allegations in Paragraph 9.

10. The Board and Mr. Kruzel leave the response to the allegations in Paragraph 10 to the Defendant Town of Enfield.

11. The Board and Mr. Kruzel leave the response to the allegations in Paragraph 11 to the Defendant Town of Enfield, to which these allegations appear to pertain.

12. The Board and Mr. Kruzel admit the allegations of sentence 1 of Paragraph 12 of the Complaint  The Board and Mr. Kruzel deny the balance of the allegations of Paragraph 12.

13. The Board and Mr. Kruzel have no basis to admit or deny the allegations in sentences 1, 2, and 3 of Paragraph 13 of the Complaint, and leave the Plaintiff to her proof.   The Board and Mr. Kruzel deny the allegations of sentence 4 of Paragraph 13 of the Complaint.

14. The Board and Mr. Kruzel deny the allegations of Paragraph 14 of the Complaint, except for the words "that others face her when speaking," which words are admitted.

15. The Board and Mr. Kruzel deny the allegations of Paragraph 15 of the Complaint.

16. The Board and Mr. Kruzel deny the allegations in sentence 1 of Paragraph 16, except for the words "Mr. Neville contacted Ms. Hernandez by phone."  The Board and Mr. Kruzel have no basis to admit or deny the allegations in sentence 2 and 3 of Paragraph 16 of the Complaint, and leave the Plaintiff to her proof.  The Board and Mr. Kruzel have no basis to admit or deny the allegations in sentence 4 of Paragraph 16 of the Complaint and leave the Plaintiff to her proof.

17. The Board and Mr. Kruzel deny the allegations of Paragraph 17 of the Complaint.

18. The Board and Mr. Kruzel have no basis to admit or deny the allegations of Paragraph 18 of the Complaint, and leave the Plaintiff to her proof.

19. The Board and Mr. Kruzel have no basis to admit or deny the allegations of Paragraph 19 of the Complaint, and leave the Plaintiff to her proof.

20. The Board and Mr. Kruzel have no basis to admit or deny the allegations of sentences 1 and 2 of Paragraph 20 of the Complaint, and leave the Plaintiff to her proof.  The Board and Mr. Kruzel admit the allegations of sentence 3 of Paragraph 20 of the Complaint.

21. The Board and Mr. Kruzel admit the allegations in sentence 1 of Paragraph 21 of the Complaint, except for the words "communication accommodations," which words are denied.  The Board and Mr. Kruzel allegations of sentences 2 and 4 of Paragraph 21 of the Complaint.  The Board and Mr. Kruzel deny the allegations in sentence 3 of Paragraph 21 of the Complaint.

22. The Board and Mr. Kruzel have no basis to admit or deny the allegations in Paragraph 22, and leave the Plaintiff to her proof.

23. The Board and Mr. Kruzel deny the allegations in Paragraph 23 of the Complaint.

24. The Board and Mr. Kruzel have no basis to admit or deny the allegations in Paragraph 24, and leave the Plaintiff to her proof.

25. The Board and Mr. Kruzel admit the allegations of sentence 1 of Paragraph 25 of the Complaint.  The Board and Mr. Kruzel have no basis to admit or deny the allegations of sentence 2 of Paragraph 25 of the Complaint, and leave the Plaintiff to her proof.

26. The Board and Mr. Kruzel have no basis to admit or deny the allegations in Paragraph 26, and leave the Plaintiff to her proof.

27. The Board and Mr. Kruzel have no basis to admit or deny the allegations in Paragraph 27, and leave the Plaintiff to her proof, except for the word "refusal to reasonably modify their procedures, provide her effective communication and to accommodate her," which words are denied.

28. The Board and Mr. Kruzel incorporate their responses to Paragraphs 1-27 above herein.

29. The provisions of Title II of the ADA , 42 U.S.C. Sec. 12131, *et. seq.* and 28 C.F.R Part 35 speak for themselves.

30. The Board and Mr. Kruzel admit that Title II of the ADA and 28 CFR Sec. 35.130(a) so provides.

31. The Board and Mr. Kruzel admit that 28 C.F.R Sec. 35.130(b)(1)(vi) so provides.

32. The Board and Mr. Kruzel admit that 28 C.F.R. Sec. 35.130(b)(7) so provides.

33. The Board and Mr. Kruzel admit that 28 C.F.R. Sec. 35.160(a)(1) so provides.

34. The Board and Mr. Kruzel admit that 28 C.F.R. Sec. 35.160(b)(1) so provides.

35. The provisions of 28 C.F.R. 35.134(a) and (b) speak for themselves.

36. The Board and Mr. Kruzel admit that the Board is a public entity under Title II of the ADA.

37. The Board denies the allegations of Paragraph 37.

38. The Board and Mr. Kruzel have no basis to admit or deny the allegations of Paragraph 38, and leave the Plaintiff to her proof.

39. The Board and Mr. Kruzel admit that the Plaintiff was elected to the Enfield Board of Education, and denies the balance of the allegations of Paragraph 39.

40. The Board and Mr. Kruzel deny the allegations of Paragraph 40.

41. The Board and Mr. Kruzel deny the allegations of Paragraph 41.

42. The Board and Mr. Kruzel deny each and every allegation of Paragraph 42, including but not limited to the allegations in each subparagraph thereof.

43. The Board and Mr. Kruzel deny the allegations of Paragraph 43.

44. The Board and Mr. Kruzel deny the allegations of Paragraph 44.

45. The Board and Mr. Kruzel deny the allegations of Paragraph 45.

46. The Board and Mr. Kruzel deny the allegations of Paragraph 46.

47. The Board and Mr. Kruzel admit that the ADA so provides.

48. The Board and Mr. Kruzel deny the allegations of Paragraph 48.

49. The Board and Mr. Kruzel incorporate their responses to Paragraphs 1-48 above herein.

50. The Board and Mr. Kruzel admit that Section 504 of the Rehabilitation Act so provides.

51. The Board and Mr. Kruzel admit that Section 504 of the Rehabilitation Act so provides.

52. The Board and Mr. Kruzel admit that 34 C.F.R. Sec. 104.4(b)(2) so provides.

53. The Board and Mr. Kruzel admit that 34 C.F.R. Sec. 104.4(b)(1)(iii) so provides.

54. The Board and Mr. Kruzel admit the allegations of Paragraph 54.

55. The Board and Mr. Kruzel admit that the Plaintiff was elected to the Enfield Board of Education, and deny the remaining allegations of Paragraph 55.

56. The Board and Mr. Kruzel deny the allegations of Paragraph 56.

57. The Board and Mr. Kruzel deny each and every allegation of Paragraph 57, including but not limited to the allegations in each subparagraph thereof.

58. The Board and Mr. Kruzel deny the allegations of Paragraph 58.

59. The Board and Mr. Kruzel deny the allegations of Paragraph 59.

60. The Board and Mr. Kruzel deny the allegations of Paragraph 60.

61. The Board and Mr. Kruzel deny that the Plaintiff is entitled to relief of any kind, including but not limited to injunctive relief, declaratory relief, compensatory damages, attorneys' fees, costs, equitable relief, or any other form of relief whatsoever, from the

Enfield Board of Education or its Chairman, Walter Kruzel.

        RESPECTFULLY SUBMITTED,
        ENFIELD BOARD OF EDUCATION
        AND WALTER KRUZEL, ITS
        CHAIRMAN (in his official capacity)

BY:_____
        Christine L. Chinni
        Chinni & Meuser LLC
        One Darling Drive
        Avon, CT 06001
        Federal Bar Number: ct25161
        (860) 677-0255
        Their Attorney

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Answer to Complaint was sent via the Court's electronic filing system to counsel for the Plaintiff, Kasey Considine, Eve L. Hill and Anthony May on January 15, 2020.

_____/s/_____
Christine L. Chinni, Esq.