UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARAH HERNANDEZ, | : | CIV. NO. 3:19-cv-01907 (SRU) |
|     Plaintiff, | : | |
| vs. | : | |
| | : | |
| ENFIELD BOARD OF EDUCATION AND | : | |
| THE TOWN OF ENFIELD | : | |
| | : | |
|     Defendants. | : | JANUARY 9, 2024 |

## **DEFENDANTS' RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Federal Rule of Civil Procedure 50, the Town of Enfield (the "Town") and Enfield Board of Education (the "Board") (collectively, the "Defendants") hereby move for judgment in their favor on all of plaintiff's claims as a matter of law. Based on the evidence presented to the jury as well as the applicable law, no reasonable jury could find in plaintiff's favor on her claims against these defendants for: (1) violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131; and (2) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). The Defendants are entitled to judgment as a matter of law for the following reasons:

1. Plaintiff has failed to present sufficient evidence upon which the jury could reasonably conclude that the Defendants violated Title II of the ADA or Section 504 of the Rehabilitation Act.

2. The evidence has established that Plaintiff: (1) was allowed preferential seating at Board meetings to help facilitate effective communication; (2) was allowed to pass, and was never prevented from passing, notes during Board meetings; (3) had the Board's support for her request that speakers face her, and would do so, sometimes with gentle reminders; (4) received written communications outside of meetings, when appropriate; and (5)

would have been provided with written materials at executive sessions for meetings following the March 12, 2019 interactive process and request for such materials, had she shown up; however, plaintiff only had limited attendance following the March 12, 2019 meetings, and did not show up in person at a meeting on May 1, 2019, when written material had been prepared specifically for her.  Finally, plaintiff stopped attending meetings after June 19, 2019.

3. As our precedent confirms, the ADA and Rehabilitation Act do not require the provision of every accommodation requested by a disabled individual, so long as the accommodation actually provided is reasonable.  Fink v. New York City Dep't of Pers., 53 F.3d 565, 567 (2d Cir. 1995).  The accommodations Plaintiff received enabled her to meaningfully participate in Board activities, rendering them sufficient for purposes of facilitating her effective communication.  Based on this, Plaintiff cannot as a matter of law satisfy her burden of proving that the Defendants acted with "deliberate indifference" with respect to her accommodation needs.  Netti v. New York, No. 517CV0976GTSATB, 2018 WL 6671555, at *5 (N.D.N.Y. Dec. 19, 2018).

4. The video evidence establishes that Plaintiff was able to, and regularly did, participate as a Board member, often responding directly to presenters or other Board member's oral comments.  The video evidence also unambiguously proves that Plaintiff's oral complaints during the June 11, 2019 meeting pertained in large part to substantive, policy issues and disputes, which plaintiff conflated to be somehow related to her accommodation requests.  In this speech, Plaintiff briefly speculated that her inability to make headway on these policy issues was due, in part, to her perception that she was not

being accommodated in the manner she preferred. No reasonable jury could conclude that the evidence substantiates her belief.

5. Plaintiff has also failed to present sufficient evidence upon which the jury could reasonably conclude that she suffered from any physical pain or exhaustion as a direct result of her claimed denial of accommodations for participation on the Board. Rather, the evidence demonstrated that any "pain" Plaintiff experienced was emotional in nature, resulting from the stress she experienced from her engagement in connection with policy disputes and other external factors. Because it is undisputed that emotional distress damages are not available here, plaintiff has not proven entitlement to any available forms of relief.

6. Finally, based on plaintiff's own testimony, the Defendants' burden of proving their entitlement to an undue hardship defense has been established with respect to the provision of certain of plaintiff's requested accommodations for executive session, including but not limited to her demand for written information, which would not have been feasible under the circumstances based on a variety of factors, including attorney-client privilege and executive session privilege concerns. The requests would, thus, have unreasonably impacted the efficient operations of the Board such as to constitute an undue hardship. In addition, the evidence established that plaintiff did not make this request to Enfield Public Schools Superintendent Christopher Drezek until March 12, 2019, closer to the end of her term than the beginning. And, plaintiff was largely absent from the remaining meetings where she would have been able to avail herself of this accommodation.

DEFENDANTS, ENFIELD BOARD OF
EDUCATION AND TOWN OF ENFIELD

BY <u>/ss/ James N. Tallberg</u>
James N. Tallberg
Federal Bar No.: ct17849
Kimberly A. Bosse
Federal Bar No.: ct31063
Karsten & Tallberg, LLC
500 Enterprise Dr., Suite 4B
Rocky Hill, CT 06067
T: (860)233-5600
F: (860)233-5800
jtallberg@kt-lawfirm.com
kbosse@kt-lawfirm.com

## **CERTIFICATION**

I hereby certify that on January 9, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

<u>/ss/ Kimberly A. Bosse</u>
Kimberly A. Bosse
