UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SARAH HERNANDEZ,<br>　　　Plaintiff,<br><br>　　　v.<br><br>ENFIELD BOARD OF EDUCATION and<br>THE TOWN OF ENFIELD,<br>　　　Defendants. | No. 3:19-cv-1907 (SRU) |

### ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

The Plaintiff, Sarah Hernandez, brought this action against the Enfield Board of Education (the "Board") and the Town of Enfield (the "Town") (collectively "defendants") in December 2019. After over four years of litigation, the case proceeded to trial in January 2024. A jury determined that the defendants discriminated against Hernandez in violation of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504") by failing to provide her with means of effective communication as an elected member of the Board. *See* Verdict, Doc. No. 164. The jury awarded nominal damages to Hernandez. *Id.* After trial, Hernandez moved for injunctive and declaratory relief. *See* Doc. No. 176. I granted Hernandez's motion, and issued a permanent injunction requiring the defendants to promulgate policies and procedures for accommodating individuals, including elected officials, with disabilities. *See* Permanent Inj. Order, Doc. No. 181.

Before the Court now is Hernandez's motion for attorneys' fees, expenses, and costs pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a(b). Doc. No. 183. Hernandez seeks an award of $1,305,482.50 in attorneys' fees and $60,579.67 in expenses, inclusive of fees and expenses incurred after filing her initial fee motion. *Id.*; *see also* Reply, Doc. No. 189. For the

reasons set forth below, Hernandez's motion is **granted** in the reduced amount of $964,366.13 in attorneys' fees and $60,579.67 in litigation expenses.

I.      **Legal Standard**

The ADA and Section 504 authorize courts to award a "reasonable attorney's fee" and other costs to the "prevailing party." *See* 42 U.S.C. § 12205 (for actions under the ADA); 29 U.S.C. § 794a(b) (for actions under the Rehab Act). The "fee-shifting" provisions of those statutes are interpreted similarly to identical provisions of other civil rights statutes. *See Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (listing fee-shifting statutes and then stating that "[i]n cases under the above statutes, the governing principles and procedures are essentially the same."). The same standards governing a court's exercise of its discretion to award attorneys' fees under civil rights fee-shifting statutes are thus "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7 (1983). In consideration of the district court's "superior understanding of the litigation," the district court has broad discretion to determine the amount of any fee award. *Id.* at 437.

On a motion for attorneys' fees pursuant to a fee-shifting statute, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. The Second Circuit applies the "presumptively reasonable fee" standard to determine the amount of reasonable attorneys' fees, which involves determining a reasonable hourly rate for the attorneys' work, taking into account case-specific considerations, and then multiplying that rate by the number of hours reasonably expended. *See McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522

F.3d 182, 183 (2d Cir. 2008)). To do so, a district court "engage[s] in a four-step process: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Silver v. Law Offices Howard Lee Schiff, P.C.*, 2010 WL 5140851, at *1 (D. Conn. Dec. 16, 2010) (citations omitted). In determining the number of hours reasonably expended, courts should "look to [their] own familiarity with the case" and exclude hours that appear "excessive, redundant, or otherwise unnecessary," or that are supported by documentation that is "too vague to sufficiently document the hours claimed." *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985); *Hensley*, 461 U.S. at 434; *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998).

## II.    Discussion

I assume familiarity with the facts and history of this case, as detailed at greater length in the court's prior Rulings. *See* Order on Mot. for Summ. J., Doc. No. 92; Permanent Inj. Order; Doc. No. 181.

As an initial matter, the defendants argue that despite Hernandez prevailing at trial, she obtained only a "technical victory" that justifies a significant reduction in the requested amount of attorneys' fees. *See* Opp'n, Doc. No. 186, at 3-4. The defendants are correct that a court should consider the degree of success obtained by the plaintiff when determining the amount of reasonable attorneys' fees and costs. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[I]f a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.") (quoting *Hensley*, 461 U.S. at 436). Despite initially seeking compensatory damages, *see* compl., doc. no. 1, at ¶ 61, Hernandez was ultimately awarded only nominal damages, in addition to

3

declaratory and injunctive relief. *See* Verdict, Doc. No. 164; Permanent Inj. Order; Doc. No. 181. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar*, 506 U.S. at 115.

Hernandez's failure to prove any amount of compensatory damages does not indicate that her success at trial was only a "technical victory," or that she failed to prove an essential element of her claim, because the equitable relief she was awarded was significant. In cases where there are "other significant non-monetary indicia of success—often when the plaintiff has won significant equitable relief," an award of attorneys' fees may be appropriate despite the jury's failure to award compensatory damages. *Rothman v. City of New York*, 2020 WL 7022502, at *3 (S.D.N.Y. Nov. 30, 2020) (citing *Cabrera v. Jakabovitz*, 24 F.3d 372, 393 (2d Cir. 1994), and *Husain v. Springer*, 579 F. App'x 3, 5 (2d Cir. 2014)). Here, Hernandez obtained significant equitable relief: an injunction requiring the defendants to adopt policies and procedures to accommodate elected officials with disabilities. *See* Permanent Inj. Order; Doc. No. 181. The evidence at trial demonstrated that the defendants had no such policy or procedure prior to Hernandez bringing this lawsuit, and that the injunctive relief ordered was necessary to prevent Hernandez and other members of the public from being effectively excluded from holding local elected office on account of their disabilities. *See id.* at 7-8. In contrast to *Farrar*, therefore, where the Supreme Court concluded that attorneys' fees were not warranted because the plaintiff had obtained only nominal damages, here one need not "search[] the[] facts in vain for the public purpose this litigation might have served." *Farrar,* 506 U.S. at 122 (O'Connor, J., concurring).

Moreover, Hernandez's failure to prove her entitlement to the compensatory damages she initially sought was largely on account of an intervening change in the law that altered the scope

of compensatory damages available to Hernandez mid-litigation. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022) (holding that emotional distress damages are not available under Section 504). The *Cummings* decision limited the jury in this case to awarding compensatory damages for *physical* pain and suffering, whereas the damages Hernandez sought in her complaint were largely for *emotional* pain and suffering. *See, e.g.*, Compl., Doc. No. 1, at ¶¶ 18, 20, 24, 27. Unlike in *Farrar*, the awarding of nominal damages here does not "highlight[] the plaintiff's failure to prove actual, compensable injury." *Farrar*, 506 U.S. at 115. Indeed, I concluded after trial that Hernandez *had* proven a significant injury for which the limited scope of damages available to her were an inadequate remedy, thus justifying an award of injunctive relief. *See* Permanent Inj. Order; Doc. No. 181, at 7-8. For all those reasons, I conclude that Hernandez's victory in this case was significant, not merely "technical," despite her failure to prove her entitlement to compensatory damages. An award of attorneys' fees therefore need not be reduced on account of Hernandez's degree of success.

The defendants also argue that Hernandez may not recover any attorneys' fees and costs, and in fact must pay the defendants' costs, incurred after she rejected their pre-trial offer of judgment. *See* Opp'n, Doc. No. 186, at 15-18. The defendants filed an Offer of Compromise on May 2, 2023, in which they offered Hernandez $75,000, inclusive of all damages, costs, expenses, and attorneys' fees, to fully resolve her claims against them. Doc. No. 117. The defendants argue that Rule 68(d)'s limitation on recovering costs after rejection of an offer of judgment was triggered because their offer was "substantially greater" than the nominal damages awarded at trial. *See* Doc. No. 186, at 17; *see also* Fed. R. Civ. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the

costs incurred after the offer was made."). I disagree, substantially for the reasons Hernandez articulates in her reply memorandum. *See* Doc. No. 189, at 7-10.

Under Rule 68, a defendant can specify the terms of an offer of judgment. *See* Fed. R. Civ. P. 68(a) ("[A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms"). Here, the defendants' offer of judgment specified that it was inclusive of attorneys' fees. *See* Doc. No 117. This order will approve far more in attorneys' fees than the $75,000 offered by the defendants, even if only considering the pre-offer fees Hernandez incurred. Rule 68(d), therefore, plainly does not apply.

But even more significantly, the defendants' offer of judgment included no offer to change the Town or the Board's policies and procedures for accommodating elected officials with disabilities, which Hernandez achieved through her post-judgment motion for equitable relief. "Nothing in the language of Rule 68 suggests that a final judgment that contains equitable relief is inherently less favorable than a Rule 68 offer that contains monetary relief." *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 231 (2d Cir. 2006). In fact, because of the difficulty of quantifying the value of injunctive relief, "there is some question whether Rule 68 even applies to cases involving injunctive relief." *Catanzano v. Doar*, 378 F. Supp. 2d 309, 316 (W.D.N.Y. 2005) (collecting cases). In this case, however, the defendants' offer of judgment failed altogether to address the equitable relief Hernandez sought, instead only offering a sum of money and actually disclaiming liability. *See* Offer of Compromise, Doc. No. 117, at 1 ("This Offer of Judgment . . . is not to be construed as an admission of liability or wrongdoing by any defendants, or any official, employee, or agent, either past or present, of the Town and/or the Board or any agency thereof; nor is it an admission that the Plaintiff has suffered any

6

damages."). The judgment the defendants offered was thus categorically less favorable to the judgment Hernandez finally obtained, and Rule 68(d), by its terms, does not apply.

Having determined that Hernandez may recover attorneys' fees and costs incurred during the entire duration of the litigation, I will move on to analyzing the reasonableness of the amount Hernandez seeks in her motion.

A. Reasonableness of the Fees Sought

As explained previously, the decision whether to award attorneys' fees and the extent to which such fees should be awarded falls within the discretion of the district judge who oversaw the litigation and had the opportunity to observe the work required of counsel to prosecute the action. *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415 (2d Cir. 1989) (citing *Hensley*, 461 U.S. at 437). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,'" and is "comprised of a reasonable hourly rate multiplied by a reasonable number of expended hours." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 117 (2d Cir. 2007)); *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

Hernandez seeks an award of $1,274,177.50 in attorneys' fees ($383,865.00 in fees to Disability Rights Connecticut ("DRCT"), and $890,312.50 in fees to Brown, Goldstein & Levy ("BGL")), and $59,685.38 in litigation expenses. *See* Mot. for Fees, Doc. No. 183. She also seeks additional award of attorneys' fees of $31,305.00 and expenses of $921.29 incurred after submitting her initial motion for attorneys' fees. *See* Reply, Doc. No. 189. Setting aside the

7

global reduction that the defendants argue is warranted based on Hernandez's degree of success, the defendants counter that a reduced award of $291,245.50 in attorneys' fees is reasonable. *See* Def's Proposed Fee Claim Reductions, Doc. No. 187. The defendants do not appear to contest the reasonableness of the litigation expenses that are sought. Additionally, although they raise several objections that they argue justify a reduction of the fees claimed, the defendants do not object to the reasonableness of the hourly rate Hernandez's attorneys use to calculate their fees, nor do they object that counsel spent an unreasonable number of hours on the case as a whole. *See* Opp'n, Doc. No. 186, at 7-14.

I conclude that time spent on the litigation as a whole is reasonable. Although the total dollar amount of fees may be high compared to the amount of monetary damages awarded by the jury, it reasonably reflects the five years of effort required to litigate this case, considering the significant opposition that Hernandez faced at each stage of the litigation. *See generally* Statement of Facts, Doc. No. 183-1, at 3-21; *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005) ("Reasoning that a rule calling for proportionality between the fee and the monetary amount involved in the litigation would effectively prevent plaintiffs from obtaining counsel in cases where deprivation of a constitutional right caused injury of low monetary value, we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation.").[1] However, despite the

---

[1] When considering counsel's request for attorneys' fees, district courts have been instructed to consider a number of factors, known as the *Johnson* factors:
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the

defendants' failure to object specifically to the requested hourly rates, I conclude that the hourly rates are slightly high for litigation conducted in this District. The partners, associates, and other staff from both BGL and DRCT undoubtedly have considerable litigation and subject-matter expertise, and the rates requested by BGL are apparently equal to those charged to the firm's fee-paying clients. *See* Doc. No. 183-1, at 26. In considering what amounts to a reasonable hourly rate, however, I must consider the prevailing rates in this District, and may take judicial notice of the rates awarded in prior cases. *KX Tech LLC v. Dilmen LLC*, 2017 WL 2798248, at *8-9 (D. Conn. 2017). Based on a review of recent cases in this District, I conclude that the requested rates are a bit high. That is true especially regarding support staff and legal interns, for whom the plaintiff requests rates in the range of $250 to $300—rates more in line with what courts in this District typically award for experienced associates. *Id.* I therefore will reduce the total fees requested by 15% to bring the effective hourly rates closer to those awarded in previous cases, adjusted for inflation.

The defendants argue, however, that a reduction of fees is warranted based on vague, duplicative, and unrelated entries on the time records that Hernandez's attorneys submitted along with their fee motion. *See* Doc. No. 186, at 9-13; Doc. No. 187. First, I disagree that Hernandez's

---

nature and length of the professional relationship with the client; and (12) awards in similar cases.

*U.S. Football League*, 887 F.2d at 415 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). I note that in this case, although most of the *Johnson* factors support the reasonableness of Hernandez's counsel's claimed fees, the tenth *Johnson* factor is particularly salient. Because the Supreme Court's decision in *Cummings* eliminated the possibility of Hernandez recovering monetary damages for emotional distress, cases like Hernandez's, involving discrimination against individuals with non-physical disabilities, have undoubtedly become less desirable for attorneys wishing to recover fees directly from their clients on a contingent basis. Recovering fees from an opposing party through the fee-shifting provisions of the ADA and Section 504 has thus become all the more important to encourage attorneys to represent plaintiffs like Hernandez.

counsel provided vague time entries. Courts often reduce an award of attorneys' fees when "vague billing entries [] prevent the court from determining if the hours billed were excessive." *Kreisler v. Second Ave. Diner Corp.*, 2013 WL 3965247, at *3 (S.D.N.Y. July 31, 2013). Here, the defendants point to numerous entries in Hernandez's counsel's billing records that they allege are vague, but for which the Court can infer the necessary details from the surrounding entries. For example, the defendants point to entries on DRCT's billing records on 1/28/2021 and 3/8/2021 for "Client Communication." *See* Doc. No. 186, a 10. But the client communication on 1/28/2021 took place the two days after an entry was made for "Client meeting re: factual allegations, depositions, litigation costs, additional expert and depositions," and so I can infer that it was a follow-up conversation about the same topics. *See* Ex. 2A, Doc. No. 183-10, at 8. Similarly, the client communication on 3/8/2021 took place three days after another entry for "Client meeting re: expert witness, litigation costs," and one day prior to an entry for "Client communication re: deposition errata," and so I can infer that the communication was about an upcoming deposition of an expert witness. *See id.* at 9. Several other entries that the defendants highlight as vague are, quite simply, not vague. For example, the defendants point to a 2.5 hour entry by BGL on 7/18/2021 that states "Continue reviewing, revising, and editing opposition to motion for Summary Judgment, rule 56 statement, and motion to seal." *See* Doc. No. 187-1, at 49. Nothing about that entry is vague. I therefore will not reduce the amount of attorneys' fees awarded based on improperly vague time entries.

On the other hand, I agree with the defendants that a reduction is warranted based on duplicative or excessive entries. In particular, numerous of the entries on both BGL and DRCT's billing records are for internal communications within and between the two firms. *See* Ex. 1-A, Doc. No. 183-3; Ex. 2-A, Doc. No. 183-10. Although I recognize that complex cases such as this

one may require the use of multiple attorneys, as other courts have recognized "some overlap of efforts often occurs in litigation such as this, and some greater economy of time might have been used." *Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60, 64 (E.D.N.Y. 2003). In exercising my discretion to adjust the total award to reflect a reasonable number of hours spent litigating this case, I will therefore reduce the overall award by 10%. *See id.* (reducing total award by 10% to reflect duplication of effort by attorneys); *Chabad Lubavitch of Litchfield Cnty., Inc. v. Borough of Litchfield, Connecticut*, 2018 WL 2332075 (D. Conn. May 23, 2018) (same). *See also New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) ("[C]ourts have endorsed percentage cuts as a practical means of trimming fat from a fee application.").

Finally, I also agree with the defendants that all billing entries relevant to to the Town's related, but distinct, declaratory judgment action are not recoverable based on Hernandez's success in this matter. *See* Opp'n, Doc. No. 186, at 12-13. Attorneys' fees should only be granted for work "expended in pursuit of the ultimate result achieved." *Hensley* 461 U.S. at 435 (quoting *Davis v. County of Los Angeles*, 1974 WL 180, at *3 (C.D. Cal. June 5, 1974)). The Town's declaratory judgment action was initiated to obtain coverage for Hernandez's claims and any eventual judgment, and DRCT's representation of Hernandez in the Town's declaratory judgment action therefore was unrelated to the ultimate result achieved in this case.

I will therefore reduce the award of attorneys' fees by the amount identified by the defendants as time expended on representing Hernandez in the declaratory judgment action— $6,312.00 to BGL, and $13,349.00 to DRCT—for total awards of $884,000.50 to BGL and $370,516.00 to DRCT. *See* Doc. No. 187, at 1. After adding the fees Hernandez's attorneys incurred after submitting her initial fee motion, *see* reply, doc. no. 189, at 10, I reach the

following totals: $905,945.50 to BGL, and $379,876.00 to DRCT. Applying a 25% reduction to each of those figures—15% for unreasonably high billing rates and 10% for duplicative entries—I will award BGL attorneys' fees totaling **$679,459.13** and DRCT attorneys' fees totaling **$284,907.00**, for a total fees award of **$964,366.13**.

### III.  Conclusion

For the reasons stated above, I **grant** Hernandez's motion for attorneys' fees, expenses, and costs, doc. no. 183. The defendants shall pay attorneys' fees in the amount of $679,459.13 to BGL and $284,907.00 to DRCT, for a total of **$964,366.13** in attorneys' fees. The defendants shall also pay **$60,579.67** in litigation expenses to BGL.

So ordered.

Dated at Bridgeport, Connecticut, this 7th day of March 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge